IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH A. HARTMAN,**

                Plaintiff,

     v.                            CASE NO. 06-3128-SAC

**JUDGE STRICKLAND, et al.,**

                Defendants.

## O R D E R

Before the court is a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas, who is subject to a detainer lodged by state officials in Orange County, Florida, based on outstanding criminal charges in Case No. CR-98-10244.  Plaintiff claims defendants have failed to honor plaintiff's rights under the Interstate Agreement on Detainers Act.  Plaintiff seeks damages, dismissal of the Orange County warrant, and removal of the detainer.  The three defendants named in the complaint are Orange County District Court Judge Strickland, Orange County Attorney Lamar, and Orange County Sheriff Beary.

Because plaintiff names no defendant in Kansas, and it appears neither the Kansas long arm statute nor the Due Process Clause[1] could be satisfied to warrant this court's exercise of personal

---

[1]To satisfy the constitutional requirements of personal jurisdiction, a plaintiff must show that defendants "have minimum contacts" in Kansas and have "purposefully avail[ed]...[themselves] of the privileges of conducting activities" within Kansas.  <u>Asahi Metal Industry Co. Ltd. v. Superior Court</u>, 480 U.S. 102, 108-09 (1987).

jurisdiction over the three Florida defendants, the court first directs plaintiff to show cause why this action should not be dismissed without prejudice[2] to plaintiff refiling his action in a more appropriate judicial district, namely the United States District Court for the Middle District of Florida.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 16th day of May 2006 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] Additionally, the injunctive relief being sought in this complaint is appropriate for habeas corpus in this district, which plaintiff has already initiated in the District of Kansas, see Hartman v. Strickland, Case No. 06-3116-RDR, and in Florida. Plaintiff's claim for damages under 42 U.S.C. § 1983 is premature until the challenged outstanding charges and detainer have been set aside or otherwise invalidated, see Heck v. Humphrey, 512 U.S. 477 (1994).