```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JOSEPH A. HARTMAN,**

                    **Plaintiff,**

        v.                                CASE NO. 06-3128-SAC

**JUDGE STRICKLAND, et al.,**

                    **Defendants.**

## O R D E R

    Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983. Plaintiff is a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas, who is subject to a detainer lodged by state officials in Orange County, Florida, based on outstanding criminal charges in Case No. CR-98-10244. Plaintiff claims defendants have failed to honor plaintiff's rights under the Interstate Agreement on Detainers Act, and seeks damages, dismissal of the Orange County warrant, and removal of the detainer. The three defendants named in the complaint are Orange County District Court Judge Strickland, Orange County Attorney Lamar, and Orange County Sheriff Beary. By an order dated June 1, 2006, the court directed plaintiff to show cause why this matter should not be dismissed without prejudice to plaintiff refiling his complaint in an appropriate court having personal jurisdiction over these defendants.

    In response, plaintiff filed a motion requesting transfer of his case to the United States District Court for the Middle District of Florida.

The Tenth Circuit Court of Appeals has recognized that enactment of 28 U.S.C. § 1631 controls the process of transferring cases from one federal court to another due to lack of personal or subject matter jurisdiction.[1] *See* <u>Viernow v. Euripides Development Corp.</u>, 157 F.3d 785, 793 (10th Cir. 1998)(where transferor court notes that it lacks personal jurisdiction, the proper course of action is to transfer pursuant to § 1631)(*citing* <u>Ross v. Colorado Outward Bound School, Inc.</u>, 822 F.2d 1524, 1526-27 (10th Cir. 1987)).

The court finds § 1631 applies to the instant action, and finds it is in the interests of justice to transfer this matter to Middle District of Florida where all named defendants are located. Although this court "is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed," <u>Haugh v. Booker</u>, 210 F.3d 1147, 1150 (10th Cir. 2000)(*quotation omitted*), the court finds the declaratory and injunctive relief being sought on plaintiff's allegations are sufficient under the circumstances to warrant transfer of this case to an appropriate forum.

---

[1] Section 1631 provides in relevant part:
"Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

2

IT IS THEREFORE ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis for the limited purpose of transferring this matter to another United States District Court.

IT IS FURTHER ORDERED that plaintiff's motion for transfer (Doc. 7) is granted, and that this matter is transferred to the United States District Court for the Middle District of Florida.

**IT IS SO ORDERED.**

DATED:  This 14th day of June 2006 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge